UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GERALDINE AILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:11-CV-77 |
| ) | (VARLAN/SHIRLEY) |
| MIDLAND FUNDING, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court as a result of Plaintiff's Motion to Strike Affirmative Defenses [Doc. 5]. Defendants filed a response [Doc. 7], and also filed Defendants' Motion for Leave to File an Amended Answer [Doc. 8]. Plaintiff has not responded to defendants' motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons that follow, the Court denies plaintiff's motion to strike and grants defendants' motion to amend.

**I.     Background**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Local Rule 7.1,[1] plaintiff moves to strike certain of defendants' affirmative defenses "on the grounds that they are immaterial, impertinent, and/or clearly insufficient and fail to state defenses to this action" [Doc. 5]. In particular, plaintiff moves to strike ten of defendants' fourteen affirmative defenses.

---

[1] Local Rule 7.1 sets forth the Court's briefing schedule.

First, plaintiff moves to strike defendants' first affirmative defense, that is that plaintiff's claims are subject to arbitration [Doc. 6]. Plaintiff submits that defendants "have failed to state any facts or provide any documentation in support of this defense as to what agreement(s) or what language in any agreement(s) they are referring to that bind[s] [p]laintiff to arbitration of her [Fair Debt Collection Practices Act ("FDCPA")] claims against [d]efendants" [*Id.*]. Thus, plaintiff claims, it is insufficient [*Id.*].

Second, plaintiff moves to strike defendants' third affirmative defense, that is that defendants' conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission [*Id.*]. Plaintiff submits that this affirmative defense "is a reliance on the specified defense allowed for a debt collector under 15 U.S.C. § 1692k(e)," but fails "to state any facts or provide any documentation in support . . . as to which formal opinion of the Federal Trade Commission they believe addresses which particular claim(s) of [p]laintiff and what language in the formal opinion provides a defense to any of [p]laintiff's FDCPA claim(s)" [*Id.*]. Thus, plaintiff claims, it is insufficient [*Id.*].

Third, plaintiff moves to strike defendants' fourth affirmative defense, that is that the venue chosen by plaintiff is improper [*Id.*]. Plaintiff claims she has alleged that jurisdiction is proper under 28 U.S.C. § 1331, an allegation to which defendants agreed [*Id.*]. Further, plaintiff claims that she has alleged that all of the actions and omissions claimed as violations of the FDCPA involved letters received by plaintiff at her home in Knox County, Tennessee [*Id.*]. Thus, plaintiff claims, it is insufficient [*Id.*].

Fourth, plaintiff moves to strike defendants' sixth affirmative defense, that is that plaintiff's claims are barred by the applicable statute of limitations [*Id.*]. Although plaintiff recognizes that such defense "is one of the specific defenses available to debt collectors under the FDCPA," plaintiff submits her complaint was filed on February 15, 2010 and the allegations contend that the alleged violations all occurred within the year prior to filing the complaint [*Id.*]. Thus, plaintiff claims, it is insufficient [*Id.*].

Fifth, plaintiff moves to strike defendants' seventh affirmative defense, that is that plaintiff's claims are barred by judicial estoppel, collateral estoppel, and res judicata [*Id.*]. Plaintiff submits that the answer "fails to identify any earlier cause of action in which [p]laintiff or the [d]efendants have been involved that resulted in a judgment," or any contrary position from an earlier action [*Id.*]. Thus, plaintiff claims, it is immaterial [*Id.*].

Sixth, plaintiff moves to strike defendants' eighth affirmative defense, that is that plaintiff is not the real party in interest [*Id.*]. Plaintiff submits that defendants fail to state any facts or provide any documentation in support of the defense [*Id.*]. Thus, plaintiff claims, it is insufficient [*Id.*].

Seventh, plaintiff moves to strike defendants' ninth affirmative defense, that is that plaintiff's claims are barred by waiver, estoppel, laches, release, and unclean hands [*Id.*]. Plaintiff submits that defendants fail to provide any facts or documentation in support of these defenses [*Id.*]. Thus, plaintiff claims, it is insufficient [*Id.*].

Eighth, plaintiff moves to strike defendants' twelfth affirmative defense, which relies upon the doctrine of comparative fault [*Id.*]. Plaintiff cites *Glover v. Mary Jane M. Elliott,*

3

*P.C.*, No. 1:07-CV-648, 2004 WL 2904050 (W.D. Mich. Oct. 2, 2007), in support, which plaintiff claims found that a plaintiff's own fault in a FDCPA case has no bearing on the case [*Id.*]. Thus, plaintiff claims, it is immaterial and insufficient [*Id.*].

Ninth, plaintiff moves to strike defendants' thirteenth affirmative defense, that is that plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which defendants had no responsibility or control [*Id.*]. Plaintiff submits that this affirmative defense fails to identify any third parties that contributed to plaintiff's injuries and defendants have not put plaintiff on notice of the basis for this defense [*Id.*]. Thus, plaintiff claims, the defense is immaterial and insufficient [*Id.*].

Tenth, plaintiff moves to strike defendants' fourteenth affirmative defense, that is that plaintiff's claims are barred by the doctrines of recoupment and/or set-off [*Id.*]. Plaintiff submits that the affirmative defense fails to identify any debt or claim owing to defendants that would give rise to such right [*Id.*]. Thus, plaintiff claims, it is immaterial and insufficient [*Id.*].

Finally, with respect to defendants' assertion that they "reserve the right to assert additional defenses as discovery progresses in this case," plaintiff submits that, in *Glover*, the judge found such assertion is an "exercise[] in throat-clearing [and] add[s] nothing to the answer" [*Id.*]. Thus, plaintiff claims, it should be stricken [*Id.*].

Defendants filed a response in opposition, as well as a motion to amend their answer [Docs. 7, 8]. In their response, defendants submit that, "[i]n an attempt to limit the number of unnecessary disputes before this Court and to curtain [p]laintiff's attempts to try to

4

increase her attorney's fees, [d]efendants have contemporaneously filed a Motion for Leave to Amend their Answer, which attaches an Amended Answer with five (5) affirmative defenses removed" [Doc. 7]. Accordingly, defendants submit, only five affirmative defenses remain in dispute: arbitration (the first affirmative defense); compliance with an order of the Federal Trade Commission (the second affirmative defense); the statute of limitations (the sixth affirmative defense); judicial estoppel, collateral estoppel, and res judicata (the seventh affirmative defense); and real party in interest (the eighth affirmative defense) [*Id.*]. Defendants claim it is "far too premature" to strike these affirmative defenses and request that the Court "adopt the more lenient standard for pleading affirmative defenses which requires only 'fair notice' and not that [d]efendants state each affirmative defense with specificity" [*Id.*]. Again, the Court notes that plaintiff did not respond to this motion.

## II. Standards of Review

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The United States Court of Appeals for the Sixth Circuit has held that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted). Further, the Court advised that "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* A

5

motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *United States Sec. & Exch. Comm'n v. Thorn*, No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002) (quoting *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." "The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

## III.  Analysis

Although plaintiff does not reference *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), or *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), plaintiff's motion to strike essentially asks the Court to strike the five affirmative defenses at issue because they fail to meet the pleading requirements established therein.  More particularly, plaintiff claims such affirmative defenses "are immaterial, impertinent, and/or clearly insufficient and fail to state defenses to this action" [Doc. 5].

*Twombly* and *Iqbal* held that "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  Further, pursuant to *Twombly* and *Iqbal*, "mere conclusory statements" are insufficient to state a cause of action.  *Id.*  In neither case (or any other), however, did the Supreme Court find "that the 'plausibility' standard also applies to defenses." *Sewell v. Allied Interstate, Inc.*, No. 3:10-CV-113, 2011 WL 32209, at *6 (E.D.

Tenn. Jan. 5, 2011) (discussing *Twombly* and *Iqbal* with respect to a plaintiff's motion to strike affirmative defenses). "Likewise, the Court of Appeals for the Sixth Circuit has not expanded *Iqbal* and *Twombly* to defenses." *Id.* The Court notes, however, that district courts are split, both in this Circuit and elsewhere, on whether the *Twombly/Iqbal* standards apply to affirmative defenses. *See id.* (citing such cases). "[B]ecause the Supreme Court and the Court of Appeals for the Sixth Circuit have not expressly held that the heightened pleading standard applies to defenses," this Court declines to so hold here. *Id.* Thus, the Court follows the current Sixth Circuit law, which holds that "an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the offense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (citation omitted); *see also Sewell*, 2010 WL 32209, at *7; *Jeepers of Auburn, Inc. v. KWJB Enter., L.L.C.*, No. 10-13682, 2011 WL 1899195, at *2 (E.D. Mich. Mar. 16, 2011), *adopted by,* 2011 WL 1899531 (E.D. Mich. May 19, 2011).

The Court finds that the five affirmative defenses at issue—the first, third, sixth, seventh, and eighth affirmative defenses—provide plaintiff fair notice of their nature and are similar to other affirmative defenses that the Sixth Circuit has found provided sufficient notice. *See, e.g., Montgomery v. Wyeth*, 580 F.3d 455, 467 (6th Cir. 2009) (finding defendant sufficiently plead an affirmative defense that stated "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose"); *Lawrence*, 182 F. App'x at 456 (noting that the defendants' answer provided the plaintiff

7

with sufficient notice of their affirmative defense of res judicata because it stated that "Plaintiffs' claims are barred by the doctrine of res judicata" (citation omitted)).

Moreover, the Court finds that plaintiff has failed to demonstrate that these five affirmative defenses bear no possible relation to the controversy or that these defenses cannot succeed under any circumstances. Finally, the Court finds that there would be no prejudice to plaintiff in allowing these defenses to stand in the amended answer as defendants bear the burden of proving them. Indeed, there can be "no harm in letting them remain in the pleadings if, as the [p]laintiff contends, they are inapplicable." *Conocophillips Co. v. Shaffer*, 3:05-CV-7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005).

## IV. Conclusion

Accordingly, for good cause shown, Plaintiff's Motion to Strike Affirmative Defenses [Doc. 5] is hereby **DENIED** and Defendants' Motion for Leave to File an Amended Answer [Doc. 8] is hereby **GRANTED**. Defendants are **DIRECTED** to file the amended answer within ten (10) days of the entry of this Order.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE